# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIE J. FIGGERS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CIVIL ACTION NO. 17-00476-KD-MU** |
| | ) | |
| CARROLL FULMER LOGISTICS CORP., | ) | |
| d/b/a/ CARROLL FULMER TRUCKING, | ) | |
| *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This action is before the Court on the motion for summary judgment and supporting documents filed by Defendant Carroll Fulmer Logistics Corp. d/b/a Carroll Fulmer Trucking, the response filed by Plaintiff Willie J. Figgers, and Fulmer Trucking's reply (docs. 21, 25, 26). Upon consideration, and for the reasons set forth herein, the motion for summary judgment is **GRANTED** in favor of Fulmer Trucking as to Count One[1] and Count Four claiming wantonness, and Count Three claiming negligent entrustment.

The Court finds that genuine issues of material fact exist regarding negligence as claimed in Count Two[2] and Count Four. Therefore, summary judgment is **DENIED** as to these claims.[3]

    I.       Factual and procedural background[4]

---

[1] Although Count One appears to be asserted against the driver, in his demand Figgers references "defendants".

[2] Count Two is asserted against John Doe only.

[3] Count Five (fictitious parties) is **dismissed** for failure to state a cognizable claim.

[4] "Although the 'facts,' as accepted for purposes of summary judgment, may not be the actual facts of the case, 'our analysis ... must begin with a description of the facts in the light most
(Continued)

Figgers alleges that on the night of July 20, 2015, he was a pedestrian on Highway 43 North in Thomasville, Alabama, when he was struck by a tractor trailer truck owned by Fulmer Trucking and driven by employee John Doe (now identified as Richard Freeman). Figgers testified that he was walking on the grass beside the road when,

> I felt something hit me from the back. It threw me up in the air and I landed on my right side. I came down on this side and my left leg got thrown in the highway. And that's when the trailer ran over my leg. And then when the trailer hit my leg it popped me up like this here, (motioning) and I was able to kick my leg back out of the highway and roll back over further in the grass than I was.

(Doc. 21-3, p. 2-3).

Figgers testified that he was struck on his left shoulder and fell on his right side which caused him to break his right thumb and right toes (Id., p. 4). Figgers explained that his right leg was on the grass and his left leg was on either the concrete or the asphalt when the truck ran over his leg. (Id., p. 8-9). Figgers testified that he did not "know exactly what hit" him, but after he was struck he saw the trailer pass. (Id., p. 4).

Figgers could not say whether the truck drove up on the grass before he was struck because he was hit from the back. (Id., p. 9, "I can't tell what it did before it got to me. I know it hit me from the back. So, I'm not gonna sit here and say it did or didn't because it hit me from the back."). Figgers stated that he did not know where the truck tires were but "tire marks weren't on the grass." (Id.). Figgers testified that the driver did not stop.

Figgers sustained bodily injury, primarily a broken tibia and fibula in his left leg, and experienced pain and suffering and mental anguish. He seeks damages for his injuries, out of pocket medical expenses, and future medical expenses. Figgers claims that Freeman/John Doe's

---

favorable to the plaintiff, and our decision must accept those facts." *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013) (citation omitted).

conduct was wanton (Count One) and negligent (Count Two) (doc. 1-2, Exhibit B, amended complaint). He also alleges that Fulmer Trucking negligently entrusted its vehicle to Freeman/John Doe (Count Three) and that Freeman/John Doe acting as an agent, servant or employee of Fulmer Trucking, negligently and/or wantonly operated the tractor trailer and caused it to collide with Figgers (Count Four). (Id.) Fulmer Trucking moves for summary judgment as to all counts in the amended complaint.

II. Conclusions of Law

A. Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (Dec. 2010). Defendant, as the party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991) (the party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.") (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986)). In deciding whether the Defendant has met its initial burden, the Court must review the record and draw all reasonable inferences therefrom in a light most favorable to Plaintiff, as the non-moving party. *See Whatley v. CNA Ins. Co.*, 189 F.3d 1310, 1313 (11th Cir. 1999).

Once Defendant meets this responsibility, the burden shifts to Plaintiff, as the non-movant, to show the existence of a genuine issue of material fact that would preclude summary judgment. *See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). "In

reviewing whether the [non-movant has met the] burden, the court must stop short of weighing the evidence and making credibility determination of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 999 (11th Cir. 1992) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S. Ct. 2505 (1986) ((bracketed text added). However, Defendant would be entitled to summary judgment if Plaintiff fails "to make a sufficient showing on an essential element of [his] case with respect to which [he has] the burden of proof.'" *In re Walker*, 48 F. 3d 1161, 1163 (11th Cir. 1995) (quoting *Celotex Corp.*, 477 U.S. at 323, 106 S. Ct. at 2552) (bracketed text added). Overall, the Court must "resolve all issues of material fact in favor of the [Plaintiff], and then determine the legal question of whether [Defendant is] entitled to judgment as a matter of law under that version of the facts." *McDowell v. Brown*, 392 F.3d 1283, 1288 (11th Cir. 2004) (citing *Durruthy v. Pastor*, 351 F.3d 1080, 1084 (11th Cir. 2003)) (bracketed text added).

The mere existence of any factual dispute will not automatically require denial of a motion for summary judgment; rather, only factual disputes that are material preclude entry of summary judgment. *Lofton v. Secretary of Dept. of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004). "An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. It is genuine if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 807 (11th Cir. 2010) (citation omitted).

B. Analysis

1. Count One and Count Four alleging wantonness

In Count One, Figgers alleges that Freeman/John Doe wantonly operated a motor vehicle and allowed that motor vehicle to hit him. In Count Four, Figgers alleges that Freeman/John Doe,

as an agent, servant or employee of Fulmer Trucking wantonly operated the motor vehicle and caused the vehicle to hit him.

On motion for summary judgment, Fulmer Trucking argues that Figgers has not produced any evidence to submit to the jury that Freeman/John Doe acted wantonly. Fulmer Trucking argues that if Freeman/John Doe's actions were not wanton, then it cannot be held responsible for his actions. Fulmer Trucking states that there is no evidence that Freeman/John Doe consciously violated any law, consciously or intentionally committed any wrongful act or consciously omitted some know duty with reckless indifference to the consequences.

Under Alabama law, "[t]o establish wantonness, the plaintiff must prove that the defendant, with reckless indifference to the consequences, consciously and intentionally did some wrongful act or omitted some known duty." *Hilyer v. Fortier*, 227 So. 3d 13, 22–23 (Ala. 2017) (citations omitted).

Figgers responds that wantonness is shown because Freeman/John Doe consciously violated the law. Specifically, Freeman struck him with his motor vehicle and then left the scene of the accident. However, Figgers has presented no evidence that Freeman intentionally or with reckless indifference left his lane or that he was aware that Figgers had been struck when he left the scene. In sum, Figgers has failed to present any evidence that Freeman/John Doe acted with reckless indifference or consciously and intentionally committed a wrongful act. *See In re Walker*, 48 F. 3d at 1163 (Defendant is entitled to summary judgment if Plaintiff fails "to make a sufficient showing on an essential element of [his] case with respect to which [he has] the burden of proof."). Accordingly, summary judgment is granted in favor of Fulmer Trucking as to the claims of wantonness in Count One and Count Four.

2. Count Two and Count Four alleging negligence

In Count Two, Figgers claims that Freeman/John Doe negligently operated a motor vehicle

and allowed that motor vehicle to hit him. In Count Four, Figgers alleges that Freeman/John Doe, as an agent, servant or employee of the Fulmer Trucking negligently operated the motor vehicle and caused the vehicle to hit him.

On motion for summary judgment Fulmer Trucking argues that Figgers has no evidence that Freeman/John Doe failed to properly and reasonably operate the vehicle or otherwise breached any duty owed to Figgers. Fulmer Trucking points to Figgers' testimony that he was walking in an elevated, curbed grassy area off the road and that the vehicle he claims hit him from behind, did not come onto the grass. Fulmer Trucking argues that Figgers' own testimony shows that Freeman/John Doe did not breach any duty to stay in his lane of travel.

Under Alabama law, "[t]o establish negligence, the plaintiff must prove: (1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or injury." *Hilyer*, 227 So. 3d at 22 (citations omitted).

Freeman owed a duty to not veer from his lane, especially when a pedestrian is present. However, there is a factual dispute whether there was a breach of that duty. Specifically, Figgers alleges that Fulmer Trucking's vehicle struck him from behind while he was walking on a grassy area beside the road. Fulmer Trucking argues that there is no evidence that its vehicle left the road and came onto the grassy area. However, the evidence does not need to show that the truck came onto the grassy area. Negligence may be established if the jury finds that Freeman drove out of his lane onto the paved shoulder. If Figgers was struck by the truck while he was walking in the grass, the only reasonable inference is that Freeman veered out of the lane and onto the paved shoulder of the road. (*See*, Doc. 21-4). Because Figgers' evidence is to be believed, and all justifiable inferences are to be drawn in his favor, the Court finds that there is a genuine issue of material fact as to whether Fulmer Trucking's vehicle struck Figgers and whether Freeman maintained his lane

of travel.  Accordingly, Fulmer Trucking's motion for summary judgment is denied as to Figgers'

claims of negligence.

> 3. <u>Count Three alleging negligent entrustment</u>

In Count Three, Figgers claims that Fulmer Trucking is negligent for entrusting the truck

and trailer to its driver Freeman/John Doe.  On motion for summary judgment, Fulmer Trucking

argues that Figgers has not presented any evidence that Freeman/John Doe was incompetent to

drive the truck and trailer.

In response, Figgers summarily states that Fulmer Trucking "negligently trained" the driver

and that Fulmer Trucking "allowed him to operate in violation of the current law" (doc. 25, p. 13).

In support, Figgers states that the driver hit him, a pedestrian, and kept "going in conflict with the

rules of the road and the Code of Alabama subsection 32" (Id.).

In order to state a claim for negligent entrustment, Figgers must show "(1) an entrustment of

the vehicle; (2) to an incompetent; (3) with knowledge that he is incompetent; (4) negligent … use

of the entrusted vehicle which proximately cause the plaintiff's damages; and (5) damages." *White

v. Miller*, No. 2018 WL 6181170, at *2 (N.D. Ala. Nov. 27, 2018) (quoting *Penland v. Allsup*, 527

So. 2d 715, 715 (Ala. 1988)).  "The doctrine of negligent entrustment is founded on the primary

negligence of the entrustor in supplying a motor vehicle to an incompetent driver, with the

manifestations of the incompetence of the driver as a basic requirement of the negligent entrustment

action." *Mason v. New,* 475 So. 2d 854, 856 (Ala. 1985).   The Alabama Supreme Court[5] has

generally defined "incompetency" as habitual carelessness which shows unreliability. *Southland

Bank A&A Drywall Supply Co.,* 21 So. 3d 1196, 1215 (Ala. 2008).  However, a "mistake or single

act of negligence on the part of an employee does not establish incompetency: Negligence is not

---

[5]  *Parks Institute v. Target Corp*., 812 F.3d 824, 829 (11th Cir. 2016) ("[A] federal court sitting in
diversity applies the substantive law of the state in which it sits.").

synonymous with incompetency. The most competent may be negligent." *Id.* at 1216 (internal citations omitted).

Figgers has failed to provide any evidence that Freeman/John Doe was an incompetent driver or that Fulmer Trucking knew he was incompetent and entrusted the truck and trailer to him. Instead, Figgers argues that incompetence is shown because the driver did not stop after hitting him. As stated above, a mistake or single act of negligence does not establish incompetency. Accordingly, summary judgment is granted in favor of Fulmer Trucking as to Count Three.

III. Conclusion

Upon consideration, and for the reasons set forth herein, the motion for summary judgment is **GRANTED** in favor of Fulmer Trucking as to Count One and Count Four claiming wantonness, and Count Three claiming negligent entrustment.[6]  The Court finds that genuine issues of material fact exist regarding negligence as claimed in Count Two and Count Four. Therefore, summary judgment is **DENIED** as to these claims.

DONE and ORDERED this the 14th day of February 2019.

**/s/ Kristi K. DuBose**
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[6] Count Five (fictitious parties) is **dismissed** for failure to state a cognizable claim.