# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| WILLIE J. FIGGERS, | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| vs. | )    CIVIL ACTION NO. 17-00476-KD-MU |
| | ) |
| CARROLL FULMER LOGISTICS CORP., | ) |
| d/b/a/ CARROLL FULMER TRUCKING, | ) |
| *et al.*, | ) |
| | ) |
|     **Defendants.** | ) |

## ORDER

This action is before the Court on the Motion for Leave to Amend the Complaint filed by Plaintiff Willie J. Figgers and the response in opposition filed by Defendant Carroll Fulmer Logistics Corp. d/b/a Carroll Fulmer Trucking (docs. 27, 30, 30-1). Upon consideration, and for the reasons set forth herein, Plaintiff's motion is GRANTED.

Plaintiff moves the Court for leave to substitute Richard Freeman as Fictitious Party D, identified as "John Doe, the driver of the vehicle which collided with the Plaintiff on the occasion made the basis of this suit" (doc. 1-2). Plaintiff argues that leave to amend should be allowed when justice so requires[1] and that the substitution would not cause any prejudice (doc. 27). Plaintiff also argues that he has "good cause to substitute" the driver as a necessary party to this litigation.

Defendant argues that Plaintiff applies the wrong procedural rule. Defendant points out that pursuant to the Rule 16(b) Scheduling Order, motions for leave to amend were due no later than

---

[1] Plaintiff cites to Rule 15 of the Alabama Rules of Civil Procedure. This action is before the Court on basis of diversity jurisdiction. Therefore, the state law applies to substantive issues, but the Federal Rules of Civil Procedure apply to procedural issues. *See Houston Specialty Ins. Co. v. Vaughn*, - - - Fed. Appx.  - - -, 2018 WL 4328619, at *1 (11th Cir. Sept. 11, 2018) ("Because this is a diversity case, we apply federal procedural law and state substantive law.").

April 30, 2018, but Plaintiff filed his motion seven months later. Defendant argues that because the motion for leave to amend was filed <u>after</u> the deadline in the Rule 16(b) Scheduling Order, Plaintiff must first show good cause to modify the deadline and obtain the Court's consent, before the Court may consider whether leave to amend should be given under Rule 15(a)(2).

Defendant argues that Plaintiff has not made the requisite showing of good cause - an inability to meet the Scheduling Order deadlines despite the exercise of diligence - and therefore, the motion should be denied. Specifically, Defendant points out that Plaintiff became aware of the driver's identity on December 28, 2017 (Doc. 30-1, Initial Disclosures), but exhibited a lack of diligence by waiting almost eleven months, and after the deadline expired, before filing his motion. Defendant also points out that the motion was filed after the motion for summary judgment (based in part on failure to substitute the named driver) was filed.

Upon consideration, the motion is granted. Good cause exists even though Plaintiff did not timely seek leave to amend the complaint. Neither party will be prejudiced by naming the driver as a defendant because the parties have known the identity of the driver for at least eleven months. *See* Fed. R. Civ. P. 16(b)(4) ("Modifying a Schedule. A schedule may be modified only for good cause and with the judge's consent.); Fed. R. Civ. P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."). Generally, "fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). However, an exception exists if "the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" *Id.* (quoting D*ean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir. 1992).

DONE and ORDERED this the 14th day of February 2019.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**