IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE J. FIGGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 17-00476-KD-MU |
| | ) |
| CARROLL FULMER LOGISTICS CORP., | ) |
| d/b/a CARROLL FULMER TRUCKING, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This action is before the Court on Defendant Richard Freeman's motion to dismiss or in the alternative, motion for summary judgment, Plaintiff Willie J. Figgers' response, and Freeman's reply (docs. 64, 69, 70). The Court addresses the motion as a motion for summary judgment.[1] Upon consideration, the motion is GRANTED and Figgers' claims against Freeman are dismissed with prejudice.

I. Background

Figgers alleges that he was struck by a tractor trailer owned by Carroll Fulmer Logistics Corp. and driven by Freemen on July 20, 2015. Figgers alleges that Freeman and Fulmer were negligent (Counts Two and Four). Under Alabama law, a cause of action for negligence must be

---

[1] Figgers states that "[i]n addition to the response that follows, Plaintiff expressly incorporates by reference her own Motion for Summary Judgment" (doc. 69, p. 1). However, Figgers did not file a motion for summary judgment with either a separate brief or a brief incorporated within the motion as required by S.D. Ala. Civ. L.R. 7(b) ("Except as ordered by the Court, any motion filed pursuant to Fed. R. Civ. P. 12(b) or 56 must be supported by a brief. . . . A supporting brief may be included within the body of the motion."); see also S.D. Ala. Civ. L.R. 56(a) ("Movant's Supporting Materials. The movant must file a brief that includes: (1) all facts relied upon, each supported by a specific, pinpoint citation to the record; and (2) argument supported by legal authority as appropriate. The movant must also file all evidence relied upon.").

filed within two years from the date of the accident or injury. Ala. Code § 6-2-38(l).[2] The initial complaint which named John Doe, as the driver of the tractor trailer, was filed July 20, 2017. The action was removed to this Court on October 27, 2017 (doc. 1). On December 28, 2017, Fulmer provided its initial disclosures to Figgers wherein Freeman was identified as the driver (doc. 11, doc. 30-1). The Rule 16(b) Scheduling Order set April 30, 2018 as the deadline for motions for leave to amend the pleadings or to join parties (doc. 12, ¶ 5).

Figgers' motion for leave to amend to substitute Freeman for the John Doe driver was filed December 5, 2018 (doc. 27). The motion was granted and Figgers filed the amended complaint on March 4, 2019 (docs. 34, 43). Fulmer moved to strike the amended complaint and the motion was denied (docs. 47, 57). The amended complaint was served upon Freeman on March 8, 2019 (doc. 51). The summons was served on March 18, 2019 (doc. 59). In response, Freeman filed the instant motion to dismiss, or in the alternative motion for summary judgment.

II. Statement of the law

    A. Summary judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (Dec. 2010). Freeman, as the party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991) (the party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file,

---

[2] Figgers argues that there is no Ala. Code § 6-2-38(l). However, Figgers appears to have misread the lower-case letter "l" as the number "1".

2

together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.") (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986)). In deciding whether Freeman has met his initial burden, the Court must review the record and draw all reasonable inferences therefrom in a light most favorable to Figgers, as the non-moving party. See Whatley v. CNA Ins. Co., 189 F.3d 1310, 1313 (11th Cir. 1999).

Once Freeman meets this responsibility, the burden shifts to Figgers, as the non-movant, to show the existence of a genuine issue of material fact that would preclude summary judgment. See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "In reviewing whether the [non-movant has met the] burden, the court must stop short of weighing the evidence and making credibility determination of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 999 (11th Cir. 1992) (citing Anderson v. Liberty Lobby, 477 U.S. 242, 255, 106 S. Ct. 2505 (1986) ((bracketed text added). However, Freeman would be entitled to summary judgment if Figgers fails "to make a sufficient showing on an essential element of [his] case with respect to which [he has] the burden of proof.'" In re Walker, 48 F. 3d 1161, 1163 (11th Cir. 1995) (quoting Celotex Corp., 477 U.S. at 323, 106 S. Ct. at 2552) (bracketed text added). Overall, the Court must "resolve all issues of material fact in favor of the [Plaintiff], and then determine the legal question of whether [Defendant is] entitled to judgment as a matter of law under that version of the facts." McDowell v. Brown, 392 F.3d 1283, 1288 (11th Cir. 2004) (citing Durruthy v. Pastor, 351 F.3d 1080, 1084 (11th Cir. 2003)) (bracketed text added).

The mere existence of any factual dispute will not automatically require denial of a motion for summary judgment; rather, only factual disputes that are material preclude entry of

summary judgment. Lofton v. Secretary of Dept. of Children and Family Services, 358 F.3d 804, 809 (11th Cir. 2004). "An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. It is genuine if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Reeves v. C.H. Robinson Worldwide, Inc., 594 F.3d 798, 807 (11th Cir. 2010) (citation omitted).

    B. Relation back

This action is before the Court on basis of diversity jurisdiction. 28 U.S.C. § 1332(a)(1). In an *en banc* decision, the Court of Appeals for the Eleventh Circuit held that Federal Rule of Civil Procedure "15(c)(1) allows federal courts sitting in diversity to apply relation-back rules of state law where, as here, state law provides the statute of limitations for the action." Saxton v. ACF Industries, Inc., 254 F.3d 959, 963 (11th Cir. 2001). Rule 15(c) states in relevant part as follows:

> (c) Relation Back of Amendments.
>
>> When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when: … the law that provides the applicable statute of limitations allows relation back[.]

Fed. R. Civ. P. 15(c)(1)(A).

Alabama law provides the applicable two-year statute of limitations for negligence actions. See Ala. Code § 6-2-38(l) ("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."). Therefore, the Court will apply Alabama's relation back principles. Rule 15(c) and Rule 9(h) of the Alabama Rules of Civil Procedure "allow a plaintiff to avoid the bar of a statute of limitations by fictitiously naming defendants for which actual parties can later be substituted." Ex parte Lucas, 212 So.3d 921, 926 (Ala. 2016) (citations omitted).

4

Alabama Rule of Civil Procedure 15(c) provides in relevant part as follows:

(c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when

> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> . . .
>
> (4) relation back is permitted by principles applicable to fictitious party practice pursuant to Rule 9(h).

Ala. R. Civ. P. 15(c).

Alabama Rule 9(h) states as follows:

When a party is ignorant of the name of an opposing party and so alleges in the party's pleading, the opposing party may be designated by any name, and when that party's true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name.

Ala. R. Civ. P. 9(h).

"Construing Alabama's Rule 15(c)(4) and Rule 9(h) together, the relation-back standard under Alabama law (as recognized by both the Alabama Supreme Court and the Eleventh Circuit in the diversity context) is as follows:

> "Rules 9(h) and 15(c), Ala. R. Civ. P., allow a plaintiff to avoid the bar of a statute of limitations by fictitiously naming defendants for which actual parties can later be substituted. Such a substitution is allowed to relate back to the date of the original complaint if the original complaint adequately described the fictitiously named defendant and stated a claim against such a defendant. ***In order for the substitution to relate back, the plaintiff must show that he was ignorant of the true identity of the defendant and that he used due diligence in attempting to discover it.***"

Wyatt v. Georgia-Pacific LLC, 2018 WL 1308954, *2-3 (S.D. Ala. 2018) (emphasis in original) (quoting Saxton, 254 F.3d at 965) (other citations omitted).

"Thus, under Alabama law, an amendment substituting an actual defendant for a fictitious defendant relates back when: (1) the original complaint adequately described the fictitious defendant; (2) the original complaint stated a claim against the fictitious defendant; (3) the plaintiff was ignorant of the true identity of the defendant; and (4) the plaintiff used due diligence to discover the defendant's true identity." Id., (quoting Saxton, 254 F.3d at 965 (citation omitted).  Under Alabama law, a "plaintiff is ignorant of the identity of a fictitiously named defendant when, after *exercising due diligence* to ascertain the identity of the party intended to be sued, he lacks knowledge at the time of the filing of the complaint of facts indicating to him that the substituted party was the party intended to be sued. Ex parte Lucas, 212 So.3d 921, 926 (Ala. 2016) (citations omitted) (emphasis in original). " 'It is incumbent upon the plaintiff to exercise due diligence to determine the true identity of defendants both before and after filing the original complaint.'" Ex parte Integra LifeSciences Corporation, 2018 WL 4090569, *5 (Ala. 2018)  (quoting Ex parte Hensel Phelps Const. Co., 7 So.3d 999, 1003 (Ala.2008)).

Additionally, the Alabama Supreme Court "has elaborated upon the requirement that the plaintiff be ignorant of the identity of the fictitiously named party by holding that the plaintiff must substitute the named defendant for the fictitious party within a reasonable time after determining the defendant's true identity." Ex parte Mobile Infirmary Ass'n, 74 So.3d 424, 429 (Ala. 2011) (citations omitted).  Therefore, after the lawsuit is filed,  "to invoke the relation back principle of Rule 15(c), a plaintiff ... must proceed in a reasonably diligent manner to determine the true identity of a fictitiously named defendants and to amend his complaint accordingly." Ex parte Hensel Phelps Constr. Co., 7 So.3d at 1003. (citation omitted).  "Although the express language of the statute does not require the plaintiff to substitute the named defendant for the fictitious party within a reasonable time after determining the defendant's true identity, [the

Alabama Supreme Court] has imposed such a duty." Ex parte Klemawesch, 549 So.2d 62, 64 (Ala.1989).

III. Analysis

Freeman argues that summary judgment should be granted in his favor because Figgers' negligence claims against him do not relate back to the original complaint and are barred by the two-year statute of limitation. Freeman argues that Figgers failed to exercise reasonable diligence in substituting Freeman after learning his identity.

As an initial consideration, the Court finds that the original complaint adequately described John Doe as the driver of the tractor trailer and that the original complaint stated a claim against him. Wyatt, 2018 WL 1308954, *3. (the first two elements). With respect to whether Figgers was ignorant of the true identity at the time the original complaint was filed, Freeman argues that his identity was made known to Figgers' first attorney in an October 2015 email, approximately 21 months before the original complaint was filed in July 2017 (doc. 64-1, copy of email). Freeman states that Figgers' first attorney confirmed in a July 2018 email that he had turned over his entire file, presumably including the 2015 email, to Figgers when he withdrew from the case (doc. 64-2, copy of email).

In response, Figgers argues that neither he nor his current counsel who filed the original complaint on Figgers' behalf were aware of the October 2015 email or its content.[3] Figgers also points out that in the July 2018 email, his first counsel stated that "It appears that I provided copies of everything that was a part of my file to Mr. Figgers at the time I withdrew from representation." (doc. 69, p. 12, underlining in response). Arguably, an issue of fact may exist

---

[3] Figgers' current counsel states that she has never spoken to the first attorney and that the first attorney did not forward any documents to her (doc. 69, p. 6).

as to whether the October 2015 email was included in the file such that with the exercise of reasonable diligence – looking through the file - Figgers could have learned Freeman's identity.

However, there is no dispute of fact that Freeman's identity was disclosed to Figgers and his current counsel on December 28, 2017 in the initial disclosures (doc. 11, doc. 30-1).[4] Thus, the Court looks to whether Figgers acted in a reasonably diligent manner to amend his complaint within a reasonable period of time after the initial disclosures. Ex parte Hensel Phelps Const. Co., 7 So.3d at 1003 (To invoke the relation back principle of Alabama Rule 15(c), the plaintiff "must proceed in a reasonably diligent manner to determine the true identity of a fictitiously named defendants and to amend his complaint accordingly.") (underlining added).

Figgers, however, waited until December 5, 2018, which was after the April 30, 2018, deadline for amendment of pleadings and joining of parties and nearly 12 months after the initial disclosure, to move to amend his complaint to substitute Freeman for the John Doe driver. Figgers has not offered any reason why he did not proceed in a reasonably diligent manner to move to amend. Instead, Figgers argues that the Court "previously addressed the issue on whether the Amended Complaint could stand" and "previously adjudicated" the matter when it granted his motion for leave to amend and denied Fulmer's motion to strike the amended complaint (doc, 69, p. 3-4). Figgers argues that because the matter has been decided and Fulmer

---

[4] Figgers argues that because Freeman's motion is not supported by any affidavit based on personal knowledge or "demonstrative documents such as attached pleadings, depositions, answers to interrogatories and admissions on file", it is not a properly supported motion (doc. 69, p. 7-8). However, Rule 56(c)(1)(A) states that a party may cite to "particular parts of materials in the record, including depositions, documents, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A). Freeman relied upon the initial disclosures which are part of the materials in the record. Id. Also, Freeman attached copies of two emails which arguably fall under "other materials" Id.

did not appeal the decision, principles of res judicata and collateral estoppel prevent reconsideration of this matter. (Id., p. 4, 6, 9-10). [5]

The Court disagrees with Figgers and finds that his argument does not provide a basis for denying Freeman's motion. When Figgers moved for leave to amend the complaint, he argued that Freeman was a necessary party, that leave to amend should be freely given under Rule 15(a) of the Alabama Rules of Civil Procedure,[6] that there was good cause to allow the amendment, and that no party would be prejudiced (doc. 27). Figgers did not argue that the amended complaint would relate back to the original complaint (Id.). The Court ruled after consideration of Rule 16(b)(4) and 15(a)(2) of the Federal Rules of Civil Procedure (doc. 35). Importantly, the issue of whether Freeman had a viable statute of limitations defense was not addressed when the Court ruled on Figgers' motion for leave to amend the complaint.

Additionally, Fulmer moved to strike on basis that the amended complaint was untimely filed under S.D. Ala. Civ. L.R. 15, that it was prejudicial to Freeman because he would not have time to conduct discovery and prepare a defense, and because Figgers included certain counts in the amended complaint that the Court had already dismissed on summary judgment (doc. 47). In response, Figgers specifically acknowledged that Freeman had "not raised any Motion to Strike

---

[5] To the extent that Figgers argues that no party is prejudiced because Figgers and Fulmer knew that Freeman was the driver, under Alabama law, "'prejudice becomes a consideration only when an amendment would otherwise relate back to the time of filing; lack of prejudice to the non-amending party will not make an otherwise improper relation back proper, where due diligence by the amending party is lacking.'" Ex parte Integra LifeSciences Corporation, 2018 WL 4090569, *5 (Ala. 2018) (quoting Ex parte Mobile Infirmary Ass'n, 74 So.3d 424, 430 (Ala. 2011); see also Mobile Infirmary, *74 So.3d at 428* (the propriety of relation back "depends upon the plaintiff's conduct").

[6] Figgers quoted from Rule 15(a) as follows: "Under Alabama Rules of Civil Procedure Rule 15, a party may amend a pleading if it is more than forty-two (42) days before the first setting of the case for trial, and such amendment shall be freely allowed when justice so requires." (doc. 27). Figgers did not cite to or quote from Alabama Rule of Civil Procedure 15(c) that provides for relation back of amendments.

in reference to the matter", that Fulmer "lacks standing to argue the claims" of the then *pro se* Freeman, and that "[u]nder Rule 8 of the Federal Rules of Civil Procedure", Freeman could "answer and raise his own Claims and Defenses" (doc. 53, p. 2). The Court denied Fulmer's motion to strike the amended complaint and *sua sponte* struck the counts that had been dismissed on summary judgment. As Figgers anticipated (see doc. 53, p. 2), Freeman has now raised the statute of limitations defense through the instant motion.

IV. Conclusion

Lapse of nearly 12 months between the initial disclosures and the motion for leave to amend shows that Figgers did not exercise reasonable diligence to move to amend within a reasonable time period as required under Alabama law. See [Ex parte Hensel Phelps Const. Co., 7 So.3d at 1004](#) ("Childers plainly failed to comply with the rules governing fictitious-party practice in his overall delay in ascertaining Hensel Phelps's identity and in waiting seven months after obtaining knowledge of the identity of Hensel Phelps as a defendant to amend his complaint."). Because Figgers' claims against Freeman do not relate back to the original complaint, they are barred by the statute of limitations. Accordingly, summary judgment is GRANTED in favor of Freeman and the claims against Freeman are dismissed with prejudice.

**DONE** and **ORDERED** this the 17th day of May 2019.

                               **s / Kristi K. DuBose**
                               **KRISTI K. DuBOSE**
                               **CHIEF UNITED STATES DISTRICT JUDGE**